IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CT-3303-FL

| | |
|---|---|
| ANDREA BLOODWORTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MARCIA DIES, Asst. Director, North ) | |
| Carolina Department of Revenue; T. ) | |
| WYATT, Enforcement Agent, North ) | |
| Carolina Department of Revenue; and ) | |
| RONALD G. PENNY, Secretary, North ) | |
| Carolina Department of Revenue, ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the court on defendants' motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6), (DE 26). Also pending before the court are plaintiff's motions to amend complaint pursuant to Federal Rule of Civil Procedure 15(a), (DE 29), and for sanctions pursuant to Federal Rule of Civil Procedure 11, (DE 34), and defendants' motion to strike plaintiff's amended complaint or in the alternative second motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), (DE 30). The motions have been fully briefed and in this posture are ripe for ruling.

For the reasons that follow, plaintiff's motion to amend is granted, and defendants' first

---

[1] The court dismissed formerly-named defendant Roy Cooper by separate order entered May 31, 2019.

motion to dismiss and motion to strike are denied as moot. Defendants' second motion to dismiss for lack of subject matter jurisdiction is granted, and plaintiff's motion for sanctions is denied.

## STATEMENT OF THE CASE

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on November 1, 2018, alleging defendants Marcia Dies ("Dies"), T. Wyatt ("Wyatt"), Ronald G. Penny ("Penny"), and Roy Cooper ("Cooper") unlawfully levied taxes against him by seizing $3,275.00 dollars from his inmate trust account in violation of his federal constitutional rights. On frivolity review, the court dismissed plaintiff's claims against defendant Cooper, and allowed claims against the remaining defendants to proceed. Defendants filed the instant first motion to dismiss on August 2, 2019. Defendants argued that the action should be dismissed based on lack of subject matter and personal jurisdiction, and for failure to state a claim on which relief can be granted.

On August 27, 2019, plaintiff filed the instant motion to amend his complaint and incorporated response to defendants' first motion to dismiss. The proposed amended complaint purports to assert claims against the Sheriff of New Hanover County in addition to the original defendants, and alleges defendants improperly levied approximately $4,172.00 from his inmate trust account in violation of his federal constitutional rights. Plaintiff seeks a refund of his tax assessment and compensatory and punitive damages.

On September 10, 2019, defendants filed the instant motion to strike the amended complaint, arguing primarily that the motion to amend did not comply with Federal Rule of Civil Procedure 15(a) and the court's Local Civil Rules. In the alternative, defendants moved to dismiss the amended complaint on the same grounds as their initial motion to dismiss. The

motion to strike or dismiss plaintiff's amended complaint was fully briefed.

On December 2, 2019, plaintiff filed the instant motion for sanctions, arguing defendants' motions to dismiss are without basis in law or fact. The motion for sanctions also was fully briefed.

## STATEMENT OF THE FACTS

The facts, as alleged in plaintiff's original and amended complaints, may be summarized as follows. In 2017, plaintiff was arrested on state drug charges. (Compl. (DE 1) ¶ V). On an unidentified date in 2018, defendant Dies, on behalf of the North Carolina Department of Revenue, mailed plaintiff a tax assessment stating that he owed $1,760.00 in taxes, with interest, pursuant to North Carolina's unauthorized substance tax. (Id.). Plaintiff appealed the tax assessment, but subsequently "lost contact" with the North Carolina Department of Revenue because he became homeless. (Id.).

On or about May 17, 2018, plaintiff was arrested on unspecified criminal charges and housed at the New Hanover County Detention Facility in Castle Hayne, North Carolina. (Am. Compl. (DE 29) at 3).[2] Upon his arrival at the detention facility, plaintiff surrendered $4,172.00 in United States currency. (Id.). On September 6, 2018, defendants seized the currency pursuant to an outstanding tax warrant, without providing plaintiff notice or an opportunity to be heard. (Id.; see also Compl. (DE 1) ¶ V).

---

[2] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

**COURT'S DISCUSSION**

A.      Motion to Amend, First Motion to Dismiss, Motion to Strike

The court begins with plaintiff's motion to amend the complaint. When a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the court finds no prejudice will accrue to defendants by allowing leave to amend, particularly where defendants have filed motion to dismiss the amended complaint on effectively the same grounds as their first motion to dismiss and the court can address whether the proposed amendments are futile in the context of resolving the second motion to dismiss. Accordingly, the court grants plaintiff's motion to amend. In light of this ruling, the court denies as moot defendants' first motion to dismiss and motion to strike the amended complaint. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001).

B.      Second Motion to Dismiss

1.      Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter

jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to [subject matter jurisdiction] that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

   2. Analysis

The Tax Injunction Act ("TIA") states "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "Like its federal counterpart, the Anti–Injunction Act, the TIA ensures that states are able to 'assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference.'" Gwozdz v. HealthPort Techs., LLC, 846 F.3d 738, 742 (4th Cir. 2017) (citing Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974)). "Thus the Federal courts, as a general rule, are not to interfere with the States' mechanisms for resolving tax controversies. The only exception contemplated by Congress relates to State remedies which are not plain, speedy, or efficient." Strescon Indus., Inc. v. Cohen, 664 F.2d 929, 931 (4th Cir. 1981).

Moreover, "the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." Levin v. Commerce Energy, Inc., 560 U.S. 413, 417 (2010). Based on principles of federalism and comity, district courts refrain from exercising jurisdiction over suits posing either an equitable or legal challenge to state or local taxes if a plain, adequate, and complete remedy is available under state law. Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 589 (1995); Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981); Lawyer v. Hilton Head Pub. Serv. Dist. No. 1, 220 F.3d 298, 301-02 (4th Cir. 2000).

State remedies are both "plain, adequate, and complete" and "plain, speedy and efficient" if they meet "certain minimal procedural criteria." Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981); Lawyer, 220 F.3d at 304; Folio v. City of Clarksburg, 134 F.3d 1211, 1214 (4th Cir. 1998). "The essential question is whether the state remedy provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." Folio, 134 F.3d at 124 (internal quotations omitted). "Stated differently, the taxpayer is entitled to a meaningful opportunity to assert federal constitutional challenges to the tax in state court." Id. "[A]n asserted substantive defect in the State remedy, even if found to exist, is an insufficient basis upon which Federal jurisdiction may be grounded." Strescon Indus., 664 F.2d at 931.

Here, plaintiff challenges his tax debt and the accompanying levy by defendants to satisfy the debt. (Am. Compl. (DE 29); Compl. (DE 1)). Plaintiff also claims that the failure to provide him notice and a hearing before garnishing his inmate trust account violated his federal constitutional rights. (Am. Compl. (DE 29); Compl. (DE 1)). Because plaintiff is challenging

6

North Carolina's mechanism for collecting a tax debt, the court lacks jurisdiction to consider the claim unless plaintiff lacks a plain, adequate, and complete remedy under state law for challenging the assessment.

North Carolina law provides an extensive administrative process allowing taxpayers to challenge assessment or collection of taxes, as well as state judicial review of administrative decisions. See N.C. Gen. Stat. § 105-113.105, et seq. The United States Court of Appeals for the Fourth Circuit has held North Carolina's procedures afford taxpayers a plain, adequate, and complete remedy, thus precluding federal court jurisdiction over claims challenging tax assessments. DIRECTV, Inc. v. Tolson, 513 F.3d 119, 128 (4th Cir. 2008).

Plaintiff argues that North Carolina's procedures failed him in this instance because he did not receive notice of the tax assessment, and therefore was unable to utilize the pre-collection administrative review procedures.[3] Because defendants assessed the tax under North Carolina's unauthorized substance tax provision, prior notice and an opportunity to be heard is not required. See N.C. Gen. Stat. §§ 105-113.111 (providing unauthorized substance taxes may be collected pursuant to the jeopardy collection procedures set forth in N.C. Gen. Stat. § 105-241.23).

---

[3] Plaintiff's allegations have been somewhat of a moving target in this case. Plaintiff's original complaint alleges that he received notice of the assessment, but failed to pursue his appeal when he became homeless. (See Compl. (DE 1) ¶ V). After defendants filed the instant motion to dismiss, plaintiff revised his claim to allege that he did not receive the notice of assessment informing him of his administrative rights to appeal. (See Am. Compl. (DE 29) at 3). Needless to say, one of these factual allegations is inaccurate. Furthermore, assuming the amended complaint's allegations are accurate, plaintiff could have contested service of the notice under North Carolina law. North Carolina General Statute § 105-241.20(b) provides that "[a] notice mailed to a taxpayer is presumed to have been received by the taxpayer unless the taxpayer makes an affidavit to the contrary within 90 days after the notice was mailed. If the taxpayer makes this affidavit, the notice is considered to have been delivered on the date the taxpayer makes this affidavit, and any time limit affected by the notice is extended to the date the taxpayer makes the affidavit." Here, plaintiff admits in his amended complaint that his inmate trust account was garnished on September 6, 2018, which is within 90 days of the June 15, 2018, "assessment date" listed on the collection warrant attached to the amended complaint. (See Am. Compl. (DE 29)). Plaintiff's failure to follow North Carolina's procedures for contesting the notice does not render the remedies afforded under North Carolina law inadequate.

Plaintiff, additionally, retains an adequate remedy under North Carolina law for contesting the tax because he can request a refund of the garnishment. See N.C. Gen. Stat. §§ 105-241.7, 105-241.12(b). In the event the North Carolina Department of Revenue denies the refund, plaintiff may file request for further review by the department. Id. § 105-241.11. Plaintiff then may contest the department's final determination "by filing a petition for a contested case hearing at the Office of Administrative Hearings." Id. § 105-241.15(a). "A party aggrieved by the final decision in a contested case commenced at the Office of Administrative Hearings may seek judicial review of the decision." Id. § 105-241.16. Finally, "[a] taxpayer who claims that a tax statute is unconstitutional may bring a civil action in the Superior Court of Wake County to determine the taxpayer's liability under that statute." Id. § 105-241.17.

As noted, these provisions afford plaintiff a plain, adequate, and complete remedy for contesting his tax assessment and garnishment under North Carolina law. See DIRECTV, 513 F.3d at 128. Because North Carolina affords an adequate remedy by permitting plaintiff to assert his claims in a refund proceeding, the Tax Injunction Act and federal comity principles preclude judicial review of plaintiff's claims challenging North Carolina's procedures for tax collection. See Levin, 560 U.S. at 432 n.12 (2010) ("Respondents here, however, could have asserted their federal rights by seeking a reduction in their tax bill in an Ohio refund suit."); Rosewell, 450 U.S. at 529 (holding TIA precluded challenge to tax assessment where state refund procedure was plain, speedy and efficient); Bob Jones Univ., 416 U.S. at 746 (holding post-deprivation refund procedure under federal tax law afforded adequate remedy for contesting tax assessment or collection and noting that although "restriction to postenforcement review may place [the taxpayer] in a precarious financial position, the problems presented do not rise to the level of

constitutional infirmities"); Luhring v. Glotzbach, 304 F.2d 560, 566 (4th Cir. 1962).

Plaintiff also argues his claim may proceed because he is asserting constitutional challenges to his tax assessment under 42 U.S.C. § 1983. This argument is without merit. As set forth above, principles of comity and federalism prevent the court from exercising jurisdiction over § 1983 damages claims premised on allegedly improper tax assessments. See Fair Assessment, 454 U.S. at 114-16 (holding principles of comity bar § 1983 damages action challenging the validity of state tax systems in federal court so long as state courts provide adequate remedy); Lawyer, 220 F.3d at 304-05 ("[B]ased on principles of comity, a federal court cannot exercise jurisdiction over a claim for damages under § 1983 challenging a state tax so long as the state provides a remedy that is plain, adequate, and complete." (internal quotation omitted)); see also Dist. Lock & Hardware, Inc. v. D.C., 808 F. Supp. 2d 36, 41–42 (D.D.C. 2011) (constitutional challenge to adequacy of notice pertains to state tax collection and is thus barred under the TIA).[4] Where plaintiff was provided a sufficient opportunity contest the tax assessment in state court but failed to do so,[5] he cannot assert § 1983 claims based on the challenged assessment in federal court.

Plaintiff's claims are barred by the TIA and comity doctrine. The court therefore grants

---

[4] In his motion for sanctions, plaintiff argues that this principle was abrogated by Hibbs v. Winn, 542 U.S. 88 (2004), in which the Supreme Court stated in a footnote that the comity principles set forth above "preclude original federal-court jurisdiction only when plaintiffs have sought district-court aid in order to arrest or countermand state tax collection." 542 U.S. at 107 n.9. Plaintiff suggests the foregoing language permits federal courts to entertain constitutional challenges to a tax collection procedure where the plaintiff seeks compensatory or punitive damages under § 1983. The Fourth Circuit, however, has rejected this argument, explaining that Fair Assessment remains good law and "bar[s] a [§] 1983 action [premised on] the allegedly unconstitutional administration of a state tax system." Gwozdz, 846 F.3d at 743.

[5] The court expresses no opinion on whether plaintiff currently may request a refund under North Carolina law.

defendants' second motion to dismiss for lack of subject matter jurisdiction.[6]

C.     Motion for Sanctions

Plaintiff's motion for sanctions argues that defendants' motions to dismiss are without basis in law or fact. The court has reviewed and fully considered the motion under the governing standard and concludes that it lacks merits. See Fed. R. Civ. P. 11(b)-(c); Brubaker v. City of Richmond, 943 F.2d 1363, 1373 (4th Cir. 1991); In re Kunstler, 914 F.2d 505, 513 (4th Cir. 1990). Accordingly, the court denies plaintiff's motion for sanctions.

## CONCLUSION

Based on the foregoing, the court GRANTS plaintiff's motion to amend complaint, (DE 29), and defendants' second motion to dismiss, (DE 30). Plaintiff's motion for sanctions, (DE 34), is DENIED, and defendant's first motion to dismiss, (DE 26), and motion to strike (DE 30) are DENIED as MOOT. The court DISMISSES WITHOUT PREJUDICE this action for lack of jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[6] The court does not reach defendants' remaining arguments for dismissal.